IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LARRY HOMES,

    Petitioner,

vs.

TONY PARKER,

    Respondent.

No. 05-1009-T/An

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER GRANTING MOTION TO AMEND
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner, Larry Holmes, an inmate at the Northwest Tennessee Correctional Complex ("NWCC"), filed this petition under 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court is ORDERED to file the case and to record the respondent as Tony Parker. The Clerk shall not issue any process in this case.

On March 18, 2005, Holmes filed a motion to amend his petition and amended petition. The motion to amend is GRANTED. Petitioner seeks habeas relief from his confinement on a Gibson County, Tennessee, conviction. He contends that he has not been awarded proper jail or various sentence credits for his confinement at the Gibson County Jail from January 1, 2004, until July 6, 2004, while awaiting transfer to a state facility. Holmes has attached copies of his probation revocation order and correspondence from Gibson County Jail Administrator Sherry Smith.

A habeas petitioner must first exhaust available state remedies before requesting relief under 28 U.S.C. § 2254(b). Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B) (i) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996)(citing Picard, 404 U.S. at 271). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" Gray, 518 U.S. at 163 (quoting Picard, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Gray, 518 U.S. at 163.

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Id. When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 843-845 (1999)(holding that exhaustion requirement mandates presentation of all claims to state court through discretionary review process). See also Pillette v. Foltz, 824 F.2d 494, 497-98 (6th Cir. 1987). He has not exhausted his state remedies if he has merely presented a particular legal theory to the courts, without presenting each factual claim. Pillette, 824 F.2d at 497-98. The claims must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 366 (1995)("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). Cf. Gray, 518 U.S. at 163.

In this case, the petitioner does not allege that he has made any attempt to exhaust his available state remedies. Prisoners who believe that the Tennessee Department of Correction has incorrectly calculated their release eligibility dates may, after exhausting their administrative remedies, seek a declaratory order from the agency pursuant to Tenn. Code Ann. § 4-5-225(b)(1998) as a prerequisite to filing a petition for declaratory judgment with the state court, pursuant to Tenn. Code Ann. § 4-5-101 to -325. Bonner v. Tennessee Dept. of Correction, 84 S.W.3d 76, 583 (Tenn. Ct. App. 2002)(citing Tenn. Code Ann. § 4-5-225(b); Watson v. Tennessee Dept. of Correction, 970 S.W.2d 494, 497 (Tenn. Ct. App. 1998).

Petitioner, accordingly, has a prompt and effective state remedy for his claim of unconstitutional confinement. Clearly, he has not yet exhausted any of these remedies available in the Tennessee state courts. Brown must completely pursue his appeals to the Tennessee Court of Appeals before seeking federal habeas relief. Accordingly, petitioner has not yet exhausted his state remedies.

Lack of exhaustion may be excused if pursuit of available state remedies would be fruitless because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(ii). Here, petitioner alleges no such circumstances.

Accordingly, as the inmate's claim is plainly unexhausted, disposition of this petition without an evidentiary hearing is proper. Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. This petition is therefore DISMISSED.

The Court must determine whether to issue a certificate of appealability. Under 28 U.S.C. § 2253(a), the district court considers whether to issue a certificate of appealability whenever it dismisses a § 2254 petition. Under Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), § 2253 codifies the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). To issue the certificate, the Court must find that the petitioner has made a substantial showing of the denial of a federal right. This in turn requires that he demonstrate: that the issues on appeal are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. For the reasons discussed above, the petitioner clearly has not exhausted his state remedies. The petitioner cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis and supporting affidavit in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 29th day of November, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:05-CV-01009 was distributed by fax, mail, or direct printing on November 30, 2005 to the parties listed.

---

Larry Holmes
NWCX - ID #00089775
960 State Rt. 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT